IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDICE TEETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 14-252 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since February 6, 2011. (ECF No. 10-6, pp. 29; ECF No. 12, p. 1). Administrative Law Judge ("ALJ"), Barbara Artuso, held a hearing on May 21, 2012. (ECF No. 10-2, pp. 30-52). On September 21, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, pp. 16-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Residual Functional Capacity ("RFC")</u> [1]

Plaintiff argues that the ALJ's RFC determination is not based on substantial evidence. (ECF No. 12, pp. 11-13). In support thereof, Plaintiff begins by submitting that there is evidence to support a particular global assessment of function ("GAF") score. (ECF No. 12, p. 12). The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Next, Plaintiff argues the ALJ erred in failing to mention Plaintiff's suicide attempt. (ECF No. 12, p. 12). After a review of the record, I disagree. While the ALJ did not use the exact words (suicide attempt), the ALJ recognized that Plaintiff did have an inpatient psychiatric hospitalization from September 28, 2011 through September 30, 2011. (ECF No. 10-2, pp. 22, 25-26). Additionally, the ALJ recognized Plaintiff's diagnoses during the hospitalization. *Id.* at

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

p. 22.  There is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision.  *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").  After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion.  Consequently, I find no error on the part of the ALJ for not mentioning the words "suicide attempt."

Plaintiff next argues that the ALJ erred in failing to mention a doctor's actual name and erred in failing to recognize that the same physician, Dr. Saghir Ahmand, was a treating physician.  There is no legal support that the ALJ must recognize a doctor by name.  In this case, the ALJ recognized the inpatient hospitalization and the diagnoses resulting therefrom. (ECF No. 10-2, p. 22).  The ALJ also rejected the GAF scores from that time period.  (ECF No. 10-2, pp. 25-26).  This is sufficient such that I am able to determine the basis of the ALJ's decision without the mention of Dr. Ahmand by name.  Consequently, I find no error in this regard.

Finally, the amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he

4

must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, with regard to Dr. Ahmand being a treating physician, I note that Dr. Ahmand only treated Plaintiff during her inpatient hospitalization from September 28, 2011 through September 30, 2011. The rationale for giving controlling weight to a treating doctor's opinion is that he/she is "most able to provide a detailed, longitudinal picture" of the claimant's medical impairments. 20 C.F.R. §§416.927(c)(2), 404.1527(c)(2). In this case, Dr. Ahmand did not have the prolonged and continuous relationship with Plaintiff upon which to base his opinion in September of 2011 that a typical treating doctor normally possesses. Additionally, the ALJ specifically gave little weight to Dr. Ahmand's GAF scores because the scores were for a very limited time and were inconsistent with other treatment records and the opinions of other consultative examining doctors. (ECF No. 10-2, pp. 25-26). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527, 416.927 (Evaluating Opinion Evidence). Therefore, I find no error in this regard.

5

## C. Post Decision Evidence

Plaintiff's final argument is that the ALJ's decision should be reversed or remanded based on post-decision evidence submitted to the Appeals Council. (ECF No. 12, pp. 13-14). As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted to the Appeals Council, for the first time, medical records from Excela Health Westmoreland Hospital dated October 8, 2012 through October 11, 2012. (ECF No. 12, pp. 13-14; No. 10-9, pp. 38-68). The decision was dated September 21, 2012. (ECF No. 10-2, p. 28). With regard to this post decision evidence, Plaintiff summarily concludes that it is "new and material evidence." (ECF No. 12, p. 14). Additionally, Plaintiff argues that good cause exists "because it occurred shortly after the ALJ's decision…." *Id.*

As I mentioned earlier, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the determination. There is no evidence of that in this case. Furthermore, the new evidence must relate to the time period for which benefits were denied, and not concern evidence of a later-acquired disability or of subsequent deterioration of a previously non-disabling condition. Here, there is no evidence that this relates to the time period at issue. As evidenced by the records, the hospitalization occurred after September 21, 2012 (the date of the decision). Moreover, Plaintiff states that the records show a "worsening depression and auditory hallucinations." Again, evidence of the subsequent deterioration of a previously non-disabling condition is not considered material evidence. *Szubak,* 745 F.2d at 833. Based on the same, I find that remand under Sentence Six is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CANDICE TEETERS,)
)
       Plaintiff,)
)
-vs-)    Civil Action No. 14-252
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of April, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                                                  BY THE COURT:

                                                  s/ Donetta W. Ambrose
                                                    Donetta W. Ambrose
                                                    United States Senior District Judge